[Richland (5th) Circuit Court, September Term, 1913.]

Voorhees, Shields and Powell, JJ.

*LINTON L. STARK v. ELIZABETH W. STARK.

**Memorandum in "Court Calendar" by Probate Judge Inadmissible to Establish Decree of Divorce Nunc Pro Tunc.**

A memorandum, made by a probate judge in a "court calendar" kept by him, "divorce granted * * * . Judgment against defendant," not being made in a public record required by Gen. Code 1594 to be kept in probate court, is not admissible to establish a judicial finding thereof nunc pro tunc by his successor in office.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Jesse E. LaDow,* for plaintiff in error:

Final or interlocutory order.  *Armstrong* v. *Brewing Co.* 53 Ohio St. 467 [42 N. E. Rep. 425] ; *Botkin* v. *Pickaway Co. (Comrs.)* 1 Ohio 375 [13 Am. Dec. 630] ; *Kelley* v. *Stansberry,* 13 Ohio 408; *Hey* v. *Schooley,* 7 Ohio (pt. 2) 48; *Baker* v. *Lehman,* Wri. 522; *Clark* v. *Bentel,* 6 Dec. Re. 1205 (12 Am. Law Rec. 534) ; *Teaff* v. *Hewitt,* 1 Ohio St. 520 [59 Am. Dec. 634] ; *Evans* v. *Dunn,* 26 Ohio St. 439; *Cameron* v. *Workman,* 30 Ohio St. 58; *Waters* v. *Lemmon,* 4 Ohio 229; *Moore* v. *Chittenden,* 39 Ohio St. 563; *Hinde* v. *Whitney,* 31 Ohio St. 53; *Turner, In re,* 5 Ohio 542; *State* v. *Smith,* 69 Ohio St. 196 [68 N. E. Rep. 1044] ; *State* v. *Jones,* 17 Ohio St. 148; *State* v. *Burgoyne,* 7 Ohio St. 153; *State* v. *Lewis,* 25 O. C. C. 227 (1 N. S. 56) ; *State* v. *Eager,* 2 Circ. Dec. 335 (3 R. 581) ; *State* v. *Shaw,* 43 Ohio St. 324 [1

---

*Affirmed, no op., Stark v. Stark, 88 O. S. 586.

N. E. Rep. 753] ; 13 Am. & Eng. Enc. Law (2 ed.) 28; *Shepherd*
v. *Rice,* 38 Mich. 556.

Prevailing party, no right to review.  *Holton* v. *Ruggles,*
1 Root (Conn.) 318; *Raymond* v. *Barker,* 2 Root (Conn.) 370;
*Watkins* v. *Martin,* 24 Ark. 14 [81 Am. Dec. 59] ; *Hayden* v.
*Stone,* 112 Mass. 346; *Ringgold* v. *Barley,* 5 Md. 186 [59 Am.
Dec. 107] ; *Shirley* v. *Lunenburg,* 11 Mass. 379 ; *Kinealy* v. *Mack-
lin,* 67 Mo. 95; *Crawshay* v. *Souter,* 73 U. S. 739 [18 L. Ed. 845].

Controversy essential to jurisdiction :  2 Cyc. 533, 628, 630;
*Pelham* v. *Rose,* 76 U. S. (9 Wall.) 103 [19 L. Ed. 602] ; *Carter*
v. *Graves,* 12 N. C. 74; *Stauffer* v. *Mining & Gas Co.* 147 Ind. 71
[46 N. E. Rep. 342] ; *Black* v. *Kirgan,* 15 N. J. Law 45 [28 Am.
Dec. 394] ; *Pierse* v. *West,* 29 Ind. 266; *Hedges* v. *Mace,* 72 Ill.
472; *Munger* v. *Jeffries,* 10 Dec. 12 (7 N. P. 55) ; *Wilson* v.
*Russell,* 40 Ia. 697.

The merits of the record.  *State* v. *Meacham,* 3 Circ. Dec.
335 (6 R. 31) ; *Nauman* v. *Nauman,* 26 O. C. C. 37 (4 N. S. 298) ;
*Sapp* v. *Sapp,* 34 O. C. C. 652 (14 N. S. 269) ; *Parish* v. *Parish,* 9
Ohio St. 534 [75 Am. Dec. 482] ; Cook, Estate of, 77 Cal. 220 [17
Pac. Rep. 923; 1 L. R. A. 567; 11 Am. St. Rep. 267] ; *Zahorka* v.
*Geith,* 129 Wis. 498 [109 N. W. Rep. 552] ; *Webber* v. *Webber,*
83 N. C. 280; *Wagner* v. *Wagner,* 36 Minn. 239; *Petit* v. *Petit,* 45
Misc. 155 [91 N. Y. Supp. 979] ; *Mickle* v. *State,* 21 So. Rep. 66
(Ala.) ; *Greene* v. *Greene,* 68 Mass. (2 Gray) 361 [61 Am. Dec.
454].

The defense.  *Rempe* v. *Ravens,* 68 Ohio St. 113 [67 N. E.
Rep. 282] ; *Lore* v. *Truman,* 10 Ohio St. 45; *Porter* v. *Wagner,* 36
Ohio St. 471; *Mill Creek Valley St. Car Co.* v. *Carthage,* 9 Circ.
Dec. 833 (18 R. 216) ; Phillips, Evidence 125; *Weidman* v. *Weid-
man,* 57 Ohio St. 104 [48 N. E. Rep. 506].

Reply brief.  *Cincinnati* v. *Steadman,* 53 Ohio St. 312 [45
N. E. Rep. 5] ; *State* v. *Deputy Supvrs.* 70 Ohio St. 341 [71 N.
E. Rep. 717] ; *Fisher* v. *Quillen,* 76 Ohio St. 196 [81 N. E. Rep.
182] ; *DeWitt* v. *DeWitt,* 67 Ohio St. 340 [66 N. E. Rep. 136] ;
*O'Brien* v. *O'Brien,* 124 Cal. 422 [57 N. E. Rep. 225] ; *Kamp* v.
*Kamp,* 59 N. Y. 212; *First Nat. Bank* v. *Dusy,* 110 Cal. 69 [42
Pac. Rep. 476] ; *Byrne* v. *Hoag,* 116 Cal. 1 [47 Pac. Rep. 775] ;
*Adams* v. *Adams,* 77 N. J. Eq. 123 [79 Atl. Rep. 683].

Stark v. Stark.

*Douglass & Hutchison,* for defendant in error:

*Nunc pro tunc* entry was a final order. *Carpenter* v. *Canal Co.* 35 Ohio St. 307; *Braden* v. *Hoffman,* 46 Ohio St. 639 [22 N. E. Rep. 930]; *Hettrick* v. *Wilson,* 12 Ohio St. 136 [80 Am. Dec. 337].

Court calendar inadmissible to establish judicial finding. *Lucas Co. (Comrs.)* v. *Millard,* 4 Dec. 419 (4 N. P. 53), affirmed; *Millard* v. *Lucas Co. (Comrs.)* 7 Circ. Dec. 115 (13 R. 518); *Watts* v. *Shewell,* 31 Ohio St. 331; *Moore* v. *Brown,* 10 Ohio 197; *Bank of Circleville* v. *Bowsher,* 8 Circ. Dec. 514 (15 R. 114); *Jacks* v. *Adamson,* 56 Ohio St. 397 [47 N. E. Rep. 48; 60 Am. St. Rep. 749]; *State* v. *Daily,* 14 Ohio 91, 99.

Merits of the case. *Columbus Cent. Ry.* v. *Wilkin,* 10 Dec. 467 (8 N. P. 35); *State* v. *Seward,* 9 Circ. Dec. 168 (16 R. 443); *Weidman* v. *Weidman,* 57 Ohio St. 101 [48 N. E. Rep. 506]; *Gilbert* v. *Gilbert,* 83 Ohio St. 265 [94 N. E. Rep. 421]; *Mill Creek Valley St. Ry.* v. *Carthage,* 9 Circ. Dec. 833 (18 R. 216); *Rempe* v. *Ravens,* 68 Ohio St. 113 [67 N. E. Rep. 282]; *Lore* v. *Truman,* 10 Ohio St. 45; *Porter* v. *Wagner,* 36 Ohio St. 471; *Topliff* v. *Topliff,* 4 Circ. Dec. 312 (8 R. 55); *New York, L. E. & W. Ry.* v. *Siegfried,* 3 Circ. Dec. 649 (7 R. 33); *Siegfried* v. *Railway,* 50 Ohio St. 294 [34 N. E. Rep. 331]; *Archer* v. *Railway,* 65 Iowa 611 [22 N. W. Rep. 894]; *Charles* v. *Fawley,* 71 Ohio St. 50 [72 N. E. Rep. 294]; *Jarrett, In re,* 42 Ohio St. 199; *State* v. *Kinkade,* 25 O. C. C. 657 (1 N. S. 607).

**SHIELDS, J.**

This cause is submitted on the petition in error seeking to reverse a judgment of the court of common pleas of this county. The case presented had its origin in an action for divorce and alimony commenced by the defendant in error against the plaintiff in error in the probate court of this county. The transcript and journal entries of said probate court show the following state of facts: That on January 26, 1907, the defendant in error filed her petition against the plaintiff in error in said probate court for divorce and alimony and the latter was personally served with summons in said proceeding; that he filed no answer or other pleading in said proceeding and that on

August 10, 1909, said probate court on motion of the defendant in error dismissed said proceeding. That on October 27, 1910, the plaintiff in error filed an application in said probate court for a *nunc pro tunc* entry to be entered in said probate court, granting a decree of divorce to said defendant in error as of November 9, 1907, supported by the affidavits of S. S. Bricker, probate judge of said county at the time said petition was filed in said court, and for some months thereafter, including the month of November, 1907; of John A. Dalton who was the deputy clerk of said probate court during the month of November, 1907, and R. E. Hutchison attorney, including a certain memorandum alleged to have been made by the said probate judge on November 9, 1907, which said affidavits and memorandum will be more fully referred to hereafter.

That on December 1, 1910, said defendant in error filed an answer in said proceeding denying the right of said probate court to cause said *nunc pro tunc* entry to be entered of record in said probate court; that on December 7, 1910, after a hearing upon said application and said answer, said probate court granted said application, to which ruling and action of said court the defendant in error excepted.

That the defendant in error thereupon filed a motion for a new trial which motion was by said probate court overruled. That the defendant in error thereupon tendered and perfected a bill of exceptions embodying all the evidence offered and heard upon said application, and prosecuted error to the common pleas court of said county, which court reversed the action and judgment of said probate court, and error is now prosecuted to this court to reverse the judgment of the common pleas court.

The following errors are principally relied upon for such reversal. First. That the holding and ruling of said court in reversing the probate court was contrary to law. Second. That the ruling, judgment and orders of said court should have been affirmed in the common pleas court and not reversed.

An examination of the record shows that the application of the plaintiff in error for an order that said *nunc pro tunc* entry be entered of record in said probate court, was based principally upon a memorandum claimed to have been made by Probate

Stark v. Stark.

Judge Bricker, November 9, 1907, in a certain memorandum book belonging to him, wherein the following memorandum appears: *"Stark* v. *Stark;* divorce granted, gross neglect of duty; for alimony see entry; judgment vs. defendant for costs."

Judge Bricker in his affidavit says that he was probate judge of Richland county, Ohio, during the year 1907, that on or about November 9, 1907, he heard the case of Elizabeth W. Stark vs. Linton L. Stark, wherein the plaintiff asked divorce and alimony from the defendant, that at the time of said hearing it was stated to him that the defendant had agreed to pay the plaintiff the sum of $1200 alimony, in the event she secured a divorce; that after said hearing was completed affiant as probate judge, granted a divorce upon condition that said $1200 alimony was paid by the defendant to plaintiff. The affidavit of John A. Dalton is to the effect that he is acquainted with the handwriting of Judge Bricker and knows that the memorandum referred to was made by Judge Bricker. The affidavit of R. E. Hutchison is to the effect that he made an examination of certain records in the case of Elizabeth W. Stark v. Linton L. Stark.

It appears by the affidavit of Judge Bricker that a decree for divorce was granted to the defendant in error, upon condition that the plaintiff in error pay to her the sum of $1200 as alimony which according to the uncontradicted statements of counsel in open court has not been paid to her. This alleged decree for divorce was a conditional one, and, under the law, was invalid.

The memorandum in question, we think, was improperly admitted in evidence upon the hearing of the application as to what, if any, judicial action was had thereon. True, the memorandum was undoubtedly made in the handwriting of Judge Bricker, but it was not made in any public record, or in any record authorized by law to be kept in his office. Hence it appears to have been made as a private memorandum and for his convenience only, for in this state a court calendar is not required to be kept in probate court. *Lucas Co. (Comrs.)* v. *Millard,* 4 Dec. 419 (4 N. P. 53); affirmed, *Millard* v. *Lucas Co. (Comrs.),* 7 Circ. Dec. 115 (13 R. 518). The memorandum thus made was incomplete at most. If such memorandum was not a matter of public record, then can it be claimed that it has any

more weight than any other private memorandum which may be used to refresh the recollection of a witness? As a matter of evidence tending to show that any official action was taken in said action in said court on said day, we think it could add no weight to the testimony of Judge Bricker, and that its admission was improper to establish any judicial finding. *Watts* v. *Shewell*, 31 Ohio St. 331.

Taking the view that the question at issue resolved itself into one of fact, we think that the evidence in support of said application is not supported by sufficient evidence, and that the action of the probate court in this behalf was unwarranted, especially when we consider that a *nunc pro tunc* entry only performs the office of supplying what actually took place in a judicial proceeding fully and finally determined. Jones, Evidence Sec. 620, and cases cited.

We have examined the several alleged grounds of error urged on behalf of the plaintiff in error and find each one of them untenable. For the reasons stated the judgment of the court of common pleas will be affirmed at the costs of plaintiff in error. Exceptions will be noted.

**Powell** and **Voorhees, JJ.,** concur.

---

### CONSTITUTIONAL LAW—CRIMINAL LAW.

[Morrow (5th) Court of Appeals, June, 1913.]

Voorhees, Shields and Pollock, JJ.

(Judge Pollock of the 7th court of appeals sitting in place of Judge Powell.)

JOHN C. MORROW v. STATE OF OHIO.

1. **Prosecution of Person Accused of Crime Arrested in November, 1912, and Indicted in February, 1913, Dates from Arrest and is Pending January 1, 1913.**

The prosecution of a person accused of a crime, committed November 27, 1912, arrested therefor December 12, 1912, indicted February 14, 1913, and convicted of a lessor crime April 10, 1913, dates from the arrest of accused and not from his indictment; hence, the prosecution was commenced and was